UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISATU VILLE, | CASE NO. C22-1042 MJP |
| Plaintiff, | ORDER DECLINING TO SERVE COMPLAINT |
| v. | |
| DGS, et al., | |
| Defendants. | |

The Court raises this matter on its own accord after reviewing Plaintiff's Complaint. (Dkt. No. 10.) The Court has performed this review in accordance with 28 U.S.C. § 1915(e), given that Plaintiff has been permitted to proceed in forma pauperis (that is, to pursue this action without paying the filing fee). Having reviewed the Complaint and Plaintiff's Supplements, Letters, and Exhibits (Dkt. Nos. 5,6, 7, 8, 11), the Court declines to serve the Complaint and DISMISSES the Complaint WITHOUT PREJUDICE and with leave to amend.

## BACKGROUND

Acting pro se, Plaintiff Isatu Ville has filed a lawsuit alleging discrimination, harassment, and retaliation based on race, gender, religion, disability, and national origin in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990. (Dkt. No. 10 at 5.) She alleges that the discriminatory conduct includes termination of employment, failure to promote her, failure to accommodate her disability, unequal terms and conditions of her employment, and retaliation. (Id. at 4.) The Complaint's caption lists DGS, Unifi, Alaska Airlines, and Delta Airlines as the Defendants, and Plaintiff has identified these entities as her employer. (Id. at 1; Letter at 1 (Dkt. No. 7).) The body of the Complaint names individual defendants, at least some of whom appear to be employees of Unifi. (Compl. at 4; Letter at 1, 3 (Dkt. No. 7).) Plaintiff alleges that Defendants Laura Moreno and Anna Hansen, who both appear to be employees of Unifi, unlawfully terminated her. (Compl. at 4; Letter at 3 (Dkt. No. 7).) She also alleges that Defendant Lee Sarkela physically attacked her and that Defendant "Karean" called the police on her. (Compl. at 4.) And in her supplemental Letter, Plaintiff also alleges that she was not permitted to go to work in August 2022, which she alleges to be discrimination on the basis of her being "Black from Africa, Sierra Leone, and a person with Disability (Ptsd) needing HELP." (Letter at 6-7 (Dkt. No. 7).)

It does not appear that Plaintiff has exhausted her federal administrative remedies by filing a charge with the Equal Employment Opportunity Commission or her Equal Employment Opportunity counselor regarding the discrimination. In her Complaint, Plaintiff alleges that she "filed this cases [sic] to Employment Fraud Department." (Compl. at 6.) She indicates that the Equal Employment Opportunity Commission has not issued a Notice of Right to Sue letter and no such letter has been filed with the Court. (Id.)

|   |   |
|---|---|
| 1 | **ANALYSIS** |
| 2 | There are certain minimum standards that apply to any complaint filed in federal district |
| 3 | court. The standards applicable to Plaintiff's complaint are contained in Rule 8 of the Federal |
| 4 | Rules of Civil Procedure. To satisfy Rule 8, a complaint "must contain sufficient factual matter, |
| 5 | accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 |
| 6 | U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim |
| 7 | has facial plausibility when the plaintiff pleads factual content that allows the court to draw the |
| 8 | reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at |
| 9 | 678. "But where the well-pleaded facts do not permit the court to infer more than the mere |
| 10 | possibility of misconduct," the allegations are inadequate to satisfy Rule 8. <u>Id.</u> at 679. And |
| 11 | "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops |
| 12 | short of the line between possibility and plausibility of entitlement to relief." <u>Twombly</u>, 559 U.S. |
| 13 | at 557 (quotation omitted); <u>see</u> <u>Adams v. Johnson</u>, 355 F.3d 1179, 1183 (9th Cir. 2004) |
| 14 | ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion |
| 15 | to dismiss."). |
| 16 | When a plaintiff appears without counsel in a civil rights case, "the court must construe |
| 17 | the pleadings liberally and must afford plaintiff the benefit of any doubt." <u>Karim-Panahi v. Los</u> |
| 18 | <u>Angeles Police Dep't</u>, 839 F.2d 621, 624 (9th Cir. 1988). Yet this lenient standard does not |
| 19 | excuse a <u>pro se</u> litigant from meeting the most basic pleading requirements. <u>See</u> <u>Am. Ass'n of</u> |
| 20 | <u>Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1107-08 (9th Cir. 2000). At the same time, |
| 21 | the Court must also "dismiss the case at any time if the court determines that . . . the action or |
| 22 | appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or |
| 23 |   |
| 24 |   |

1  (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §
2  1915(e)(2).
3      The Court has identified two problems with Plaintiff's Complaint that must be addressed
4  before this lawsuit can proceed.
5      First, Plaintiff must demonstrate that she has administratively exhausted her claims. "A
6  person seeking relief under Title VII must first file a charge with the [Equal Employment
7  Opportunity Commission] EEOC within 180 days of the alleged unlawful employment practice,
8  or, if, as here, the person initially instituted proceedings with the state or local administrative
9  agency, within 300 days of the alleged unlawful employment practice." Surrell v. California
10 Water Serv. Co., 518 F.3d 1097, 1104 (9th Cir. 2008) (citing 42 U.S.C. § 2000e–5(e)(1)). The
11 same rules apply to claims brought under the Americans with Disabilities Act. See Stiefel v.
12 Bechtel Corp., 624 F.3d 1240, 1243-44 (9th Cir. 2010). On the record before the Court, Plaintiff
13 does not appear to have sought or exhausted any administrative relief as required. In order for
14 her lawsuit to proceed, she must first timely exhaust her claims through the administrative
15 process and provide proof of having done so. This is a necessary step that Plaintiff must take in
16 order to pursue this lawsuit.
17     Second, Plaintiff's Complaint does not provide any factual allegations to support her
18 claims of discrimination, retaliation, and harassment. Even construing the Complaint and
19 supporting materials broadly, the Court finds that the Complaint does not contain "factual
20 content that allows the court to draw the reasonable inference that the defendant is liable for the
21 misconduct alleged." Iqbal, 556 U.S. at 678. Without additional factual allegations of the alleged
22 wrongdoing, the Court cannot understand the basis for Plaintiff's claims. At a minimum, Plaintiff
23 must identify what the alleged misconduct is, who engaged in the misconduct, where and when it
24

ORDER DECLINING TO SERVE COMPLAINT - 4

occurred, and what injury or harm resulted from the alleged misconduct. As currently drafted, the Complaint does not contain any of this information and it does not comply with Federal Rule of Civil Procedure 8.

Given the two problems noted above, the Court DECLINES the serve the Complaint, and DISMISSES the action WITHOUT PREJUDICE. But the Court GRANTS Plaintiff leave to file an amended complaint within 21 days of entry of this order that cures these two defects.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated September 26, 2022.

Marsha J. Pechman
United States Senior District Judge